# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **WELLS FARGO BANK, National Association,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NO. 10-0440-CG-C** |
| | ) | |
| **CENTERLINE, INC., an Alabama Corporation; ANGELA M. GREEN, an) Individual; and WILLIAM P. GREEN,) an individual,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

This matter is before the court on plaintiff's motion for attorneys' fees and expenses. (Doc. 15). For the reasons explained below, the motion is due to be granted.

Default judgment was entered in favor of plaintiff, Wells Fargo Bank, and against individual defendants, Angela M. Green and William P. Green, in the amount of $2,473,386.36. (Doc. 16). The default judgment was based on the outstanding indebtedness due under certain promissory notes which were secured by guarantees executed by the individual defendants. The promissory notes at issue contained the following provision regarding attorneys' fees:

> ATTORNEYS' FEES AND OTHER COLLECTION COSTS. Borrower shall pay all of Bank's reasonable expenses actually incurred to enforce or collect any of the Obligations including, without limitation, reasonable arbitration, paralegals', attorneys' and experts' fees and expenses, whether incurred without the commencement of a suit, in any trial, arbitration, or administrative proceeding, or in any appellate or bankruptcy proceeding.

(Doc. 10-1, pp. 43, 60).  The guarantees contained a similar attorneys' fees

provision:

> ATTORNEYS' FEES AND OTHER COSTS OF COLLECTION.
> Guarantor shall pay all of Bank's and its affiliates' reasonable
> expenses incurred to enforce or collect any of the Guaranteed
> Obligations, including, without limitation, reasonable arbitration,
> paralegals', attorneys' and experts' fees and expenses, whether
> incurred without the commencement of a suit, in any suit,
> arbitration, or administrative proceeding, or in any appellate or
> bankruptcy proceeding.

(Doc. 10-1, pp. 30, 37).

Plaintiff, Wells Fargo, submitted the declaration of one of the attorneys of

record for Wells Fargo with attached exhibits detailing the time and expenses

incurred in this action. (Doc. 15-1).   The law firm of Baker Donelson assisted and

is continuing to assist Wells Fargo in the collection of the obligations due under

the promissory notes at issue and was successful in obtaining a judgment against

the individual defendants for the entire amount due and owing under the

promissory notes.  Baker Donelson continued to assist in collection of the

obligation by representing Wells Fargo's interest in Centerline's bankruptcy case.[1]

 Baker Donelson billed plaintiff at rates ranging from $210 - $310 per hour for

work done by its shareholders, $152 - $175 per hour for work done by associates,

and $118 - $136 per hour for paralegal work.  The declaration and records

---

[1] The case is currently stayed as to defendant Centerline due to it having filed
Chapter 11 bankruptcy. (Docs. 11, 14).

demonstrate that Wells Fargo has incurred $48,338.80 in attorneys' fees and $2,627.37 in expenses in connection with its collection efforts. The court notes that the individual defendants have not appeared in this case and, thus, have not filed any objection to plaintiff's accounting or requested rates.

In <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983), the Supreme Court explained that the starting point for determining a "reasonable" fee is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." The applicant bears the burden of establishing entitlement and documenting reasonable hours expended and reasonable hourly rates." <u>See</u> <u>ACLU of Georgia v. Barnes</u>, 168 F.3d 423, 427 (11th Cir. 1999). The court notes that "district courts are vested with authority to take into consideration such factors as it deems appropriate in determining the amount of reasonable attorney's fees to be awarded." <u>Goss v. Killian Oaks House of Learning</u>, 248 F.Supp.2d 1162, 1167 (S.D. Fla. 2003) (quoting <u>Haworth v. State of Nevada</u>, 56 F.3d 1048 (9th Cir. 1995) internal quotations omitted). "If applicants do not exercise billing judgment, courts are obligated to do it for them, and cut the amount of hours for which payment is sought, pruning out those that are excessive, redundant, or otherwise unnecessary." <u>Id.</u> (citing <u>ACLU v. Barnes</u>, 168 F.3d at 428.).

"In Alabama, in state law causes of action, attorney fees are recoverable as part of the costs of an action only where authorized by statute, *when provided in a contract*, or by special equity, such as a proceeding where the efforts of an attorney

create a fund out of which fees may be paid." <u>Huntley v. Regions Bank</u>, 807 So.2d 512, 518 (Ala. 2001) (emphasis in original) (quoting <u>Lanier v. Moore-Handley, Inc.</u>, 575 So.2d 83, 85 (Ala. 1991)).  Pursuant to the attorneys' fees provisions in the Notes and Guaranty Agreements, the Greens are obligated to pay Wells Fargo all costs that it has incurred in collecting amounts due under the promissory notes and enforcing its rights under the promissory Notes.  The Alabama Supreme Court has set forth 12 criteria that the trial court should consider in setting attorneys' fees:

> "In <u>Peebles v. Miley</u>, [439 So.2d 137, 140-141 (Ala. 1983)], we set out the following 12 criteria that the trial court should consider in setting attorney fees: (1) the nature and value of the subject matter of the employment; (2) the learning, skill, and labor requisite to its proper discharge; (3) the time consumed; (4) the professional experience and reputation of the attorney; (5) the weight of his responsibilities; (6) the measure of success achieved; (7) the reasonable expenses incurred; (8) whether a fee is fixed or contingent; (9) the nature and length of a professional relationship; (10) the fee customarily charged in the locality for similar legal services; (11) the likelihood that a particular employment may preclude other employment; and (12) the time limitations imposed by the client or by the circumstances. Although all of these criteria need not be met, they are available for the trial court to consider in connection with each claim for an award of attorney fees.

<u>Huntley</u>, 807 So.2d at 518 (quoting <u>Lanier</u>, 575 So.2d at 85, internal citations omitted).  Plaintiff asserts that the fees and expenses are reasonable because the amount of money owed by defendants at the time the complaint was filed was $2,473,386.36; representation by Baker Donelson has been ongoing for approximately two years and involved significant and extensive work to collect the

amounts owed; the rates charged are consistent with prevailing rates in the Birmingham legal community for firms of similar size and expertise on work in similar matters; the amount of attorneys' fees and expenses represents only 2.1% of the amounts owed; and because plaintiffs obtained judgment for the entire amount owed. After review of the above considerations and plaintiff's statement of fees and expenses and supporting documents, the court finds that the requested attorneys' fees and expenses are reasonable. The fees are reasonable based on the prevailing rates in the community, the kind and quality of services furnished, the length of the engagement, the significant amounts of money involved, and the plaintiff's success in obtaining default judgment against the Greens. Therefore, plaintiff is awarded $50,966.17 in attorneys' fees and costs.

## CONCLUSION

For the reasons stated above, plaintiff's motion for attorneys' fees and expenses (Doc. 15) is **GRANTED** and plaintiff, **Wells Fargo Bank**, is awarded **$50,966.17** (Fifty Thousand, Nine Hundred Sixty Six Dollars and Seventeen Cents) against defendants, **Angela M. Green** and **William P. Green**.

**DONE and ORDERED** this 9th day of November, 2011.

/s/  Callie V. S. Granade
UNITED STATES DISTRICT JUDGE